IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FRANKENMUTH MUTUAL INSURANCE )
COMPANY, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV416-336
 )
TORREY CORNELIUS ROLLINS; )
MARCHESE CONSTRUCTION, LLC; )
JASON ROBERT MCCLAIN; CHRYSTAL )
ANN HIGDON, individually; and )
ELIZABETH REDMOND, by and )
through her next friend and )
natural guardian Chrystal Ann )
Higdon; )
 )
    Defendants. )
 )



## O R D E R

Before the Court is Plaintiff's Amended Complaint. (Doc. 6.) The jurisdictional allegations contained in the amended complaint are currently insufficient to establish complete diversity between the parties. Accordingly, and for the following reasons, the Amended Complaint is **DISMISSED**. Plaintiff is **DIRECTED** to file a second amended complaint within fourteen days from the date of this order.

The party invoking this Court's diversity jurisdiction bears the burden of adequately pleading complete diversity. See 28 U.S.C. § 1332; Ray v. Bird & Son Asset Realization Co., 519

F.2d 1081, 1082 (5th Cir. 1975)[1] ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."). For the purposes of diversity jurisdiction, a limited liability company ("LLC") is a citizen of every state in which any of its members are citizens. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). The Eleventh Circuit Court of Appeals has been explicit in addressing the proper method to allege sufficiently the citizenship of a LLC: "a party must list the citizenships of all the members of the limited liability company." Id. at 1022. Furthermore, the general allegation that no member of a LLC is a Georgia citizen is insufficient for Plaintiff to carry their burden of establishing complete diversity between the parties. Ray, 519 F.2d at 1082.

In this case, the complaint does not include a list of the individual members, along with their citizenships, of Defendant Marchese Construction, LLC ("Marchese"). The complaint merely states that Defendant Marchese "is a Georgia corporation with its principal place of business in Chatham County, Georgia." (Doc. 6 at 2.) As discussed above, this is not sufficient to

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

establish complete diversity. Accordingly, Plaintiff is **DIRECTED** to file a second amended complaint within fourteen days from the date of this order listing all members of Defendant Marchese Construction, LLC and their citizenships.[2]

SO ORDERED this 28th day of February 2017.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court will not accept any amended complaint that incorporates by reference any factual allegation or argument contained in an earlier filing, or offers only a piecemeal amendment. Plaintiff's second amended complaint should be a stand-alone filing that independently contains all the factual allegations necessary to establish diversity between the parties.